3:17-cv-03212-SEM-TSH  # 1   Page 1 of 14

E-FILED
   Monday, 25 September, 2017  01:58:37 PM
   Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
SEP 25 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES TSTINIC (#M24225)  )
        v.       Plaintiff  )  NO. 17-3212
DR. A. NAWOOR, DR LIFCHITZ,  )  Judge Myerscough
Psychiatrist; WEXFORD HEALTH  )
SOURCES, INC., and ILLINOIS  )  PLAINTIFF DEMANDS
DEPARTMENT OF CORRECTIONS,  )  TRIAL BY JURY
        Defendants.  )

## COMPLAINT

NOW COMES PLAINTIFF JAMES TSTINIC (#M24225), Pro Se, and for his Complaint against Defendants, DR. A. NAWOOR; DR. LIFCHITZ, Psychiatrist; WEXFORD HEALTH SOURCES, INC.; and the STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS; States as follows:

1. Plaintiff JAMES TsTinic (#M24225) is a resident of the State of ILLinois and is an inmate under the care and supervision of the Taylorville Correctional Center in Taylorville, ILLinois. Tstinic was originally confined at the Robinson Correctional Center in Robinson, Illinois.

2. ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") is a municipal agency of the State of

1

ILLINOIS, and is situated in the State of Illinois. Robinson and Taylorville are operated by IDOC.

3. WEXFORD HEALTH SOURCES, INC. ("Wexford Health") is a Florida corporation licensed to do business in Illinois, that contracts with IDOC to perform medical services for inmates at various IDOC locations, including Robinson and Taylorville.

4. At all relevant times, Defendant DR. A. NAWOOR was Plaintiff's treating physician at Taylorville and an employee of Defendant WEXFORD HEALTH SOURCES, INC. On information and belief, DR. NAWOOR is a resident of the State of Illinois.

5. At all relevant times, Defendant DR. LIFCHITZ was Plaintiff's treating Psychiatrist at Taylorville and an employee of Defendant WEXFORD HEALTH SOURCES, INC. On information and belief, DR Lifchitz is a resident of the State of Illinois.

6. At all relevant times, the Defendants, DR A. NAWOOR, DR. Lifchitz, and WEXFORD HEALTH SOURCES, INC. acted pursuant to the policies, regulations or

2.

decisions officially adopted or promulgated by those in the ILLINOIS DEPARTMENT OF CORRECTIONS and WEXFORD HEALTH SOURCES, INC., whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the State of Illinois.

## JURISDICTION AND VENUE

7.  Plaintiff institutes these proceedings and invokes the Court's jurisdiction under 28 U.S.C. § 1343 to obtain the costs of suit, including reasonable attorney fees, and damages suffered by Plaintiff and caused by Defendants' violation of his rights as gauranteed in the Eighth Amendment to the Constitution of the United States and by federal law, including 42 U.S.C. § 1983.

8.  This court also has jurisdiction under 28 U.S.C. § 1331, in that the matter in controversy arises under the Eigth Amendment of the Constitution of the United States.

9.  Venue is proper in this jurisdiction under 28 U.S.C. § 1391, as the unlawful deprivation of Plaintiff's rights and all other violations alleged herein were committed

3.

within the State of Illinois.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff was placed in the custody of IDOC on April 17, 2011 and was initially housed at the Centralia Correctional Center located in Centralia, Marion County, Illinois.

11. Plaintiff was subsequently transferred to Sheridan on October 11, 2012.

12. Plaintiff was released on parole from Sheridan on January 23, 2015.

13. Plaintiff was again put into custody of IDOC and is currently housed at the Taylorville Correctional Center, Taylorville, Christian County, Illinois.

14. Prior to incarceration, Plaintiff underwent two back surgeries for pain associated with degenerative disc disease and a herniated disc, and has been diagnosed while in custody at IDOC with COPD, Cataract and stroke in Right eye, Total Hearing loss in Right ear, Severe degenerative disc disease, Sciatica, and an Osteoma

4.

in the frontal region inside the head.

15. Plaintiff still suffers severe pain due to the degenerative disc disease and relies on a cane for mobility.

16. Defendents even though they were aware from IDOC records, failed to treat, prescribe medicine, or otherwise failed to act to alleviate Plaintiffs serious and traumatic symptoms related to his degenerative disc disease, as set forth herein.

17. Plaintiff while in custody was diagnosed with having a stroke in his right eye and suffered permanent nerve damage and loss of vision, and Plaintiff was also diagnosed with Cataract in Right eye and was told by specialist that the Cataract needs to be surgically removed or Plaintiff could suffer total loss of sight in right eye.

18. Defendant physician aware of the Cataracts failed to treat, prescribe medications, perform corrective surgery, or otherwise failed to act to alleviate Plaintiff's serious and traumatic symptoms related

5.

to his cataracts, even though an outside specialist recommended surgery.

19. Plaintiff while in custody was diagnosed with total hearing loss in his right ear.

20. Defendants physicians aware of Plaintiffs hearing loss failed to treat, prescribe medication, or perform corrective measures, or otherwise failed to act to alleviate Plaintiff serious and traumatic symptoms related to his hearing loss.

21. Defendant physicians and IDOC officials failed to implement other doctors orders, and otherwise prevented Plaintiff from obtaining timely and adequate medical treatment and medication for his serious medical conditions.

22. Plaintiff has written and submitted grievances through IDOC procedures and to IDOC officials regarding the aforementioned medical care, to no avail.

23. Defendants failure to provide adequate and necessary medical treatment for Plaintiff, while

6.

detained under the direction and control of the IDOC, is a violation of Plaintiff's rights under the Eigth Amendment of the Constitution of the United States and in accordance with 42 U.S.C. § 1983.

24. As a direct and proximate result of Defendant's violations of Plaintiff's constitutional rights, Plaintiff was made to and continues to suffer great pain and discomfort, disability, and severe anxiety, and has otherwise been damaged. Plaintiff's pain, numbness and deterioration of hearing and eyesight, and severe anxiety has increased, indicating progression of his condition that remains inadequately treated.

## COUNT I
### Violation of Civil Rights under U.S.C. § 1983
### Illinois Department of Corrections (IDOC)

25. Plaintiff hereby expressly re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. IDOC was aware of Plaintiff's serious need

7.

for medical care and treatment.

27. IDOC failed to provide the adequate and necessary medical care, direct that the adequate and necessary medical care be provided or allow Plaintiff to obtain the adequate and necessary medical care he needed within a reasonable time.

28. Via the grievance process, Plaintiff informed IDOC of the lack of adequate and necessary care.

29. IDOC was deliberately Indifferent to Plaintiff's serious medical needs with regards to its supervision and treatment of Plaintiff.

## COUNT II
### Violation of Civil Rights under 42 U.S.C. § 1983
### DR. A. NAWOOR

30. Plaintiff hereby expressly re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

31. DR. NAWOOR was aware of Plaintiff's pre-incarceration medical history of degenerative disc disease, COPD,

8.

Cataracts, Hearing loss, and osteoma in Plaintiffs head.

32. DR. NAWOOR has prescribed treatment that did not adequately address Plaintiffs pain, and Plaintiff reported same to DR NAWoor; however, DR. NAWoor refused to alter prescription or explore alternative options, despite Plaintiffs complaint that pain was increasing.

33. DR. NAWoor failed to refer Plaintiff to a specialist or conduct screening tests, including CT scan of Plaintiff's head which was recommended by a radiologist, despite Plaintiffs worsening symptoms.

35. DR. NAWoor denied Plaintiff cataract surgery even though it was recommended by an outside specialist despite Plaintiffs worsening symptoms.

36. That as a direct and proximate result of one or more of foregoing wrongful acts and/or omissions, Plaintiff was severely injured, sustained great mental and physical pain and suffering, sustained damage to his nervous system; was kept and will be kept in the future of attending to his ordinary affairs, duties, and employment; and incurred other damages.

9.

## COUNT III
### Violation of Civil Rights under 42 U.S.C. § 1983
### DR. LIFCHITZ

37. Plaintiff hereby expressly re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

38. DR. LIFchitz examined Plaintiff shortly after his transfer to Taylorville from Robinson. During the first visit DR Lifchitz informed Plaintiff that he would not adjust his dosage of klonopin he was on for his severe anxiety and informed Plaintiff he was not going to refill his prescription he came to Taylorville with once it ran out.

39. On Sept 17, 2017 DR Lifchitz discontinued Plaintiff's klonopin he was on for his severe anxiety and no treatment plan was initiated. DR Lifchitz failed to ensure any such treatment plan would be implemented.

40. DR Lifchitz refused to listen to Plaintiffs plea for help in or around Aug 2017, despite his knowledge of Plaintiffs serious medical conditions. DR. Lifchitz wanted to put Plaintiff on medication he had in the past that did not work or Plaintiff had adverse reactions to them. DR Lifchitz refused to help Plaintiffs severe anxiety.

10.

41. As a result of the failure to adjust and extend klonopin prescription or to institute an adequate treatment plan, Plaintiff suffers severe anxiety, chest pains, and sleep deprivation.

42. DR. LIFchitz was deliberately indifferent to Plaintiffs serious psychiatric needs with regards to his treatment of Plaintiff.

43. DR. Lifchitz's failure to make any alterations to Plaintiffs treatment program and prescriptions, or to to otherwise refer Plaintiff to a specialist shows DR. Lifchitz's concious disregard of said risks with regards to his development of Plaintiffs psychiatric state by failing to take reasonable measures to alter Plaintiff's treatment of the klonopin.

44. As a result of DR. Lifchitz's concious disregard of the substantial pain and suffering associated with Plaintiffs medical condition, Plaintiff has suffered ongoing severe pain and psychiatric condition to a complete inability to function and find employment in the future.

11.

## COUNT IV
### Violation of Civil Rights under 42 U.S.C § 1983
### WEXFORD HEALTH SOURCES, INC.

45. Plaintiff hereby expressly re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

46. Wexford Health employed and supervised DR. NAWOOR and DR LIFchitz during all relevant times.

47. DR. NAWOOR, and DR. Lifchitz were deliberately indifferent to Plaintiff's serious medical needs with regards to treatment and pain management and mental health needs of Plaintiff.

48. Wexford Health knew of DR. Nawoor and DR. Lifchitz's actions.

49. Wexford Health knew of Plaintiffs condition and its agents failure to treat said condition. Wexford Health failed to ensure its agents provided adequate care, constituting deliberate indifference to Plaintiff's health and well-being.

50. On information and belief, Wexford Health operates pursuant to a policy under which it declines to confirm that adequate care is instituted even after care is deemed or suspected inadequate.

12.

WHEREFORE, Plaintiff prays this Honorable Court grant the Plaintiff damages in accordance with Plaintiff's pain and suffering and any further relief Plaintiff is entitled to recover either in law or equity, or that this Court deems just and equitable.

Dated

Respectfully submitted,

James Tstinic (#M24225)

James Tstinic Pro se
(#M24225)
P.O. Box 1000
Taylorville, IL. 62568

RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

I want the Cataract Surgery done.

I would like an MRI on my back.

I want to see a back surgeon and adequate care.

I Also want proper pain relief and anxiety relief.

I want damages for my pain and suffering, "Monitery relief."

I want further relief that I am entitled to recover either in law or equity, or that court deems just and equitable

JURY DEMAND        Yes  [X]           No  [ ]

Signed this __20TH__ day of __September__, 2017.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| James TsTinic | M24225 |
| Address: P.O. Box 1000  Taylorville, IL 62568 | Telephone Number: ? |

6